948 F.2d 1293
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Carl Anders ECKSTROM, Petitioner-Appellant,
v.
Sidney HERNDON, Executive Director, et al., Respondents-Appellees.
 No. 90-55486.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 7, 1991.
Decided Dec. 3, 1991.
 
 Before HUG, WILLIAM A. NORRIS, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Carl Anders Eckstrom, a California state prisoner, appeals the district court's denial of his habeas corpus petition, 28 U.S.C. § 2254, challenging his murder convictions in Los Angeles County. We remand to the district court with instructions to conduct an evidentiary hearing on Eckstrom's ineffective assistance of counsel claim.
 
 
 3
 Eckstrom contends he was denied effective assistance of counsel as a result of his trial counsel's failure to present the defense of diminished mental capacity. Eckstrom argues that such failure cannot be justified as a reasonable strategy decision. Specifically, Eckstrom asserts that his counsel's argument that the evidence was insufficient as a matter of law to sustain a first degree murder conviction under People v. Anderson, 70 Cal.2d 15, 447 P.2d 942 (1968), was inappropriate for his case. Eckstrom maintains that, at a minimum, his counsel should have raised the defense of diminished capacity as an alternative defense. Significantly, Eckstrom argues that there is a reasonable probability that the outcome of his trial would have been different if counsel had presented the defense of diminished capacity.
 
 
 4
 In order to prevail on a claim of ineffective assistance of counsel, a petitioner must show that his attorney's conduct fell below the objective standard of reasonableness and that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). Courts must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' " Id. at 689 (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)).
 
 
 5
 In this case, we are concerned because Eckstrom's trial counsel did not present the defense of diminished capacity. An extensive psychiatric history in support of a diminished capacity defense was presented by the defense counsel through the testimony of the psychiatrist, Dr. Pollack, at Eckstrom's Orange County trial. In the Los Angeles County trial, the subject of this petition, defense counsel did not have Dr. Pollack testify to establish any basis upon which diminished capacity could be found. Because we conclude that Eckstrom raises a colorable claim of ineffective assistance of counsel and there has not been a state or federal hearing on this claim, we must remand to the district court for an evidentiary hearing on this matter.[1] See Smith v. McCormick, 914 F.2d 1153, 1170 (9th Cir.1990).
 
 
 6
 REMANDED for further proceedings consistent with the above.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although we are required to review the district court's judgment in this matter, we note that the magistrate judge who rendered the report and recommendation to the district court pursuant to 28 U.S.C. § 636(b)(1)(B) was under the misapprehension that Eckstrom could be sentenced to the death penalty. Specifically, the magistrate judge stated: "As pointed out in the disposition of his prior habeas petition, [Eckstrom] was fortunate to have escaped the death penalty, having been found guilty of the unprovoked murder of four innocent people." The magistrate judge evaluated the strategy of the defense attorney in that context. As Eckstrom had no possibility of being sentenced to death, because at that stage the death penalty statutes were unconstitutional, the evaluation cannot stand. See U.S. Dominator v. Factory Ship Robert E. Resoff, 768 F.2d 1099, 1102-03 (9th Cir.1985) ("While the magistrate's ruling was not a ruling by the district judge, it nevertheless affected the outcome of the trial and is therefore reviewable on appeal."); Britt v. Simi Valley Unified School Dist., 708 F.2d 452, 454-55 (9th Cir.1983) (errors of law in a magistrate judge's findings and recommendations may be challenged on appeal even when not objected to in the district court)